**UNITED STATES of America,
Appellant,**

v.

**Edward DELLOIACONO, a/k/a
Michael Devine, Edward Dello
Iacano, Defendant, Appellee.**

No. 89-1847.

United States Court of Appeals,
First Circuit.

Heard Jan. 9, 1990.

Decided April 12, 1990.

Martin F. Murphy, Asst. U.S. Atty., with whom Wayne A. Budd, U.S. Atty., Boston, Mass., was on brief for the U.S.

John W. Laymon, by Appointment of the Court, with whom Laymon & Associates, Boston, Mass., was on brief, for defendant, appellee.

Before ALDRICH, TORRUELLA and CYR, Circuit Judges.

CYR, Circuit Judge.

The defendant entered a plea of guilty to a felony information charging one count of wire fraud. In due course the district court imposed a sentence of probation, conditioned on the performance of 1,000 hours of community service under the supervision of the probation office. The government asserts on appeal that the sentence was imposed as a result of an incorrect application of the Sentencing Guidelines promulgated by the United States Sentencing Commission. We conclude that a probationary sentence was authorized, but that the district court incorrectly applied the sentencing guidelines requiring that a probationary sentence imposed in lieu of a term of imprisonment be conditioned on "intermittent confinement" or "community confinement." As the sentence of probation was not conditioned on any form of confinement, we remand the case for further sentencing proceedings.

DISCUSSION

The Sentencing Reform Act of 1984, as amended, 18 U.S.C.A. §§ 3551–3586 (West 1985 and Supp.1988); 28 U.S.C.A. §§ 991–998 (West Supp.1988), requires "a sentence of the *kind*, and within the *range*" prescribed by the Sentencing Commission. 18 U.S.C. § 3553(b) (emphasis added).[1] No

---

1. Title 18 United States Code, subsection 3553(b), states:

**(b) Application of guidelines in imposing a sentence.**—The court shall impose a sen-

guideline sentence may depart from the kind or range indicated by the Sentencing Guidelines

> unless the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described. In determining whether a circumstance was adequately taken into consideration, the court shall consider only the sentencing guidelines, policy statements, and official commentary of the Commission.

*Id. See United States v. Chase,* 894 F.2d 488, 490–91 (1st Cir.1990). *See generally* U.S.S.G. Ch. 5, Pt. K.[2]

### (i) *Guideline Parity*

The defendant argues that the district court departed from the applicable guideline sentencing *range,* notwithstanding its direct statement to the contrary and its unambiguous ipse dixit that the probationary sentence it imposed on the defendant achieved *parity* with the sentencing guidelines permitting substitution of a term of intermittent confinement for a term of imprisonment.

> THE COURT: I demonstrate (sic) it to be a sentence within the guidelines, and I believe that the imposition of community service that I just imposed satisfies the requirement of the intermittent confinement.
>
> Indeed, I think it would be a matter of idiocy to say that intermittent confinement—I could have him stay in his house watching television, say, 'You can't leave your house, I'll ground you for weekends for three years.' I think it makes much more sense to interpret that as saying that, 'You will be confined at a place where the chief probation officer tells you you will work for one thousand hours.' I think that's what makes sense.
>
> ....
>
> I think it would be idiocy to say that intermittent confinement should be or could be confinement to one's home for weekends. I think it makes much more sense to say intermittent confinement would include probation officer instructing him, say, to go to the Fernald School and scrub toilet bowls for a weekend.
>
> ....
>
> THE COURT: But I will instruct you, if you have it appealed, to have that typed up. That's an order. Do you understand?

*See* 18 U.S.C. § 3553(c).[3]

■ We can discern no intention to depart, and no statement of reasons for departure, from the range or kind of sentence

---

tence of the *kind,* and within the range, referred to in subsection (a)(4)....

18 U.S.C. § 3553(b) (1988) (emphasis added). Title 18 United States Code, subsection 3553(a)(4), cross-referenced in 18 U.S.C. § 3553(b), states:

> The court, in determining the particular sentence to be imposed, shall consider—
>
> ....
>
> (4) the *kinds* of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines that are issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)(1) and that are in effect on the date the defendant is sentenced;

18 U.S.C. § 3553(a)(4) (1988) (emphasis added).

2. Unless otherwise indicated, all citations to the United States Sentencing Commission Guidelines are to the Sentencing Guidelines in effect on August 2, 1989, the date the defendant was sentenced. *See* 18 U.S.C. § 3553(a)(4). *Cf. United States v. Turner et al.,* 898 F.2d 705 (9th Cir.1990).

3. It is not clear whether the district court considered its probationary sentence equivalent to "intermittent confinement," *see infra* note 4, "home detention," or both. However, "home detention" was not an authorized substitute for a term of imprisonment as of the time the court sentenced defendant on August 2, 1989. *See* U.S.S.G. §§ 5B1.1(a)(2); 5C2.1(c)(3); § 5C2.1, comment. (n. 3). Although at that time "home detention" was a permissible condition of probation, U.S.S.G. §§ 5B1.4(b)(20), p.s. & 5F5.2, a Guideline Commentary expressly stated that "[h]ome detention may not be substituted for imprisonment," U.S.S.G. § 5C2.1, comment. (n. 5). *But cf. infra* note 7.

Commentary aids determination of the intent of the drafters of a related guideline, much as legislative history may illuminate legislative intent. *See* U.S.S.G. § 1B1.7. Failure to heed commentary, as in this case, can result in an incorrect application of the related guideline and lead to an unlawful sentence. *See* 18 U.S.C. §§ 3553(b) & 3742(f)(1).

Effective November 1, 1989, the Sentencing Guidelines were amended, authorizing "home

required by the Sentencing Guidelines. *See id.* § 3553(c)(2). Rather, as the district court recognized, in these circumstances the Sentencing Guidelines authorize the substitution of a probationary sentence for a term of imprisonment.

> If the minimum term of imprisonment in the applicable guideline range in the Sentencing Table is at least one but not more than six months, the minimum term may be satisfied by ... (2) a sentence of probation that includes a condition or combination of conditions that substitute intermittent confinement or community confinement for imprisonment *according to the schedule in § 5C2.1(e)....*

U.S.S.G. § 5C2.1(c) (emphasis added).[4]

Although determination of the exact offense level applicable to the criminal con-

duct in this case must await remand,[5] the present analysis is not affected since it is clear in any event that the minimum guideline range will be not less than one month or more than six months.[6] Thus, guideline section 5C2.1(c)(2) permitted the substitution of a sentence of probation, conditioned on intermittent confinement "in prison or jail," § 5C2.1(e)(1), or conditioned on community confinement ("residence in a community treatment center, halfway house, or similar residential facility") § 5C2.1(e)(2),[7] but not the substitution of a sentence of probation of the kind imposed in this case which included no condition of confinement, *see* U.S.S.G. Ch. 1, Pt. A, § 4(d), intro. comment.; U.S.S.G. § 5C2.1, comment. (n. 3).[8] We hold that the Sentencing Guidelines foreclose the district court's concep-

---

detention" as a substitute for imprisonment. *See infra* note 7. The Sentencing Guideline amendments which became effective November 1, 1989 also renumbered the subpart containing guideline sections 5C2.1 and 5F5.2, cited herein, to sections 5C1.1 and 5F1.2, respectively. *See* U.S.S.G.App. C, amendment 302.

**4.** Guideline section 5B1.1(a)(2) interlocks with § 5C2.1(c)(2), which further defines their focus in its express cross-reference to § 5C2.1(e).

> (e) Schedule of Substitute Punishments:
> (1) One day of intermittent confinement in *prison or jail* for one day of imprisonment (each 24 hours of confinement is credited as one day of intermittent confinement, provided, however, that one day shall be credited for any calendar day during which the defendant is employed in the community and confined during all remaining hours);
> (2) One day of community confinement (*residence* in a community treatment center, halfway house, or similar residential facility) for one day of imprisonment.

U.S.S.G. § 5C2.1(e) (emphasis added). *See also* U.S.S.G. § 5C2.1, comment. (n. 3).

**5.** We cannot tell from the record whether the district court applied (or meant to apply) an offense level of eight or ten. The government asserts that an addendum to the presentence report proposed an increase in the offense level, from eight to ten, for "more than minimal planning." *See* U.S.S.G. § 2F1.1(b)(2)(A). Although neither the government, nor the district court clerk, *see* 18 U.S.C. § 3742(d)(2) (1987), has provided us with an addendum, the transcript of the sentencing hearing reveals that the government did request an increase in the offense level due to defendant's "more than minimal planning." Since the fraudulent conduct involved the preparation and use of a considerable number of false documents, the government's re-

quest was not frivolous. *See United States v. Fox,* 889 F.2d 357, 361 (1st Cir.1989). ("We cannot conceive of how obtaining even one fraudulent loan would not require more than minimal planning.") (dictum).

**6.** The district court correctly ascribed a criminal history category of I, which, when combined with an offense level of eight, would yield a guideline sentencing range of *two* to eight months, and a sentencing range of *six* to twelve months when combined with an offense level of ten. *See* U.S.S.G. Ch. 5, Pt. A, Sentencing Table.

**7.** Since November 1, 1989, "home detention," which also requires confinement, has been an authorized substitute for a term of imprisonment. *See* U.S.S.G. §§ 5B1.1(a)(2); 5C1.1(c), (e); § 5C1.1, comment. (n. 3); *see also* U.S.S.G. App. C, amendment 271. Under the current Sentencing Guidelines, "[h]ome detention may be imposed as a condition of probation ... only as a substitute for imprisonment." U.S.S.G. §§ 5F1.2; 5B1.4(b)(20), p.s. "Home detention" is defined as

> a program of confinement and supervision that restricts the defendant to his place of residence continuously, except for authorized absences, enforced by appropriate means of surveillance by the probation office....

U.S.S.G. § 5F1.2, comment. (n. 1).

**8.** The commentary to § 5C2.1(c) states in part as follows:

> Subsection 5C2.1(c) provides that where the minimum term of imprisonment specified in the guideline range from the Sentencing Table is at least one but not more than six months, the court
> ....
> [ ] may impose a sentence of probation provided that it includes a condition of probation

tion that its sentence of probation, coupled with community service, approaches guideline parity with a sentence of probation conditioned on confinement.[9]

### (ii) *Guideline Departure*

■ Even though the record discloses no intention to depart from the applicable sentencing guideline *range*, it is conceivable that the district court may have meant to depart from the *kind* of substitute sentence of probation authorized under the applicable sentencing guidelines, despite its failure to assign a "specific reason," *see* 18 U.S.C. § 3553(c)(2), other than its conception of guideline parity. Were that the case, however, there still would be no principled basis for concluding that the manifest policy of the Sentencing Guidelines— that community service not be considered an acceptable substitute for a term of confinement—was adopted by the Sentencing Commission without adequate consideration. *See* 18 U.S.C. § 3553(a)(4), (b). The Sentencing Reform Act of 1984, *see, e.g.*, 28 U.S.C. §§ 991(b)(1) & 994(a)(1), (b),[10] the Sentencing Guidelines, *see, e.g.*, U.S.S.G. §§ 5B1.1(a)(2); 5C2.1(c)(2), (e), and the related Guideline Commentary, *see, e.g.*, U.S. S.G. § 5C2.1, comment. (n. 3); § 5F5.2,

comment. (n. 1); U.S.S.G. Ch. 1, Pt. A, § 4(d), intro. comment., manifestly recognize that imprisonment is more punitive than probation and that it is the requirement of confinement, more than anything else, that makes it so.

The Sentencing Guidelines evidence an elaborate strategy for accommodating the competing policy aims implicated in a typical fraud case, like the present. The Sentencing Commission concluded that certain economic crimes, such as fraud, are "serious," and that serious economic crimes can be deterred significantly under a sentencing scheme that holds out "the definite prospect of prison, though the term is short...." *Id.* At the same time, a competing congressional mandate—requiring that the courts recognize "that imprisonment is not an appropriate means of promoting correction and rehabilitation," 18 U.S.C. § 3582(a); *see also* 28 U.S.C. § 994(j)—posed a potential impediment to the Sentencing Commission's approach to deterring economic crimes. The Sentencing Commission accordingly structured the Sentencing Guidelines to require that a first offender, convicted of serious fraud, must serve at least a brief period of confinement, leaving considerable discretion in

> requiring a period of intermittent confinement or community confinement, or combination of intermittent confinement and community confinement, sufficient to satisfy the minimum period of imprisonment specified in the guideline range.
>
> U.S.S.G. § 5C2.1, comment. (n. 3) (emphasis added). *See also infra* note 9.

**9.** The Sentencing Commission describes in detail its aim and method in permitting limited substitution of a sentence of probation for a term of imprisonment.

> (d) *Probation and Split Sentences.*
> The statute provides that the guidelines are to 'reflect the general appropriateness of imposing a sentence other than imprisonment in cases in which the defendant is a first offender who has not been convicted of a crime of violence or an otherwise serious offense ... 28 U.S.C. § 994(j). Under present sentencing practice, courts sentence to probation an inappropriately high percentage of offenders guilty of certain economic crimes, such as theft, tax evasion, antitrust offenses, insider trading, fraud, and embezzlement, that in the Commission's view are 'serious.' If the guidelines were to permit courts to impose proba-

> tion instead of prison in many or all such cases, the present sentences would continue to be ineffective.
> The Commission's solution to this problem has been to write guidelines that classify as 'serious' (and therefore subject to mandatory prison sentences) many offenses for which probation is now frequently given. At the same time, the guidelines will permit the sentencing court to impose short prison terms in many such cases. The Commission's view is that the definite prospect of prison, though the term is short, will act as a significant deterrent to many of these crimes, particularly when compared with the status quo where probation, not prison, is the norm.
> More specifically, the guidelines work as follows in respect to a first offender.... For offense levels seven through ten, the court may substitute probation for a prison term, but the probation must include confinement conditions (community confinement or intermittent confinement).
> U.S.S.G. Ch. 1, Pt. A, § 4(d), intro. comment. (emphasis added).

**10.** *See also* 18 U.S.C. §§ 3553(a)(4); 3663(b)(1)–(4), (c); 3742(b)(3) & 3582(a).

the sentencing court, however, to determine not only its duration, intermittency and restrictiveness, but the place of confinement.

### CONCLUSION

The Sentencing Guidelines leave no doubt that the Sentencing Commission adequately considered, and plainly rejected, in the present circumstances, any probationary sentence, without confinement, as an acceptable alternative to a sentence of imprisonment. That surely should have constrained the district court's quest for a substitute sentence of probation in the present case. *See* 18 U.S.C. § 3553(b). The imposition of a sentence of probation, without confinement, in place of the sentence of imprisonment otherwise mandated by the Sentencing Guidelines, constituted an abuse of discretion. The sentence is vacated and the case is remanded for further sentencing proceedings consistent with this opinion. *See* D.Mass.L.R. 8(i).

VACATED and REMANDED.